[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Thomas Klem, filed a four count second revised complaint on March 6, 2002, against the defendants, Chaplinsky and Plainville Indoor Sports Arena, Inc. (the Sports Arena), seeking damages for injuries he sustained while participating in a deck hockey game at the Sports Arena. Counts one (negligence), two (reckless assault) and three (intentional assault) are brought against Paul Chaplinsky and count four (negligence) is brought against the Sports Arena. On March 19, 2002, the Sports Arena filed an answer and four special defenses. By way of special defenses, the Sports Arena alleges that: (1) Klein is barred from recovering damages against it because Klein signed a waiver agreement; (2) Klein contractually assumed the risk involved in participating in the deck hockey game; (3) Klein is contributorily negligent for his injuries; and (4) Connecticut does not recognize a negligence action for injuries sustained during a team contact sport.
On May 7, 2002, the Sports Arena filed a motion for summary judgment as to count four on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law because, pursuant to the waiver agreement, Klein absolved the Sports Arena of any liability and assumed the risks involved in participating in the sport. The Sports Arena filed a memorandum of law, a supplemental memorandum of law and the following exhibits in support of its motion for summary judgment: (1) Klein's responses to the Sports Arena's request for admissions; (2) an unverified copy of the waiver agreement signed by Klein[1]; (3) an uncertified excerpt of Klein's deposition testimony[2]; and (4) an unverified videotape of the game wherein the alleged injury occurred.
On July 22, 2002, Klein filed an objection to the Sports Arena's motion for summary judgment with an accompanying memorandum of law. Klein submitted a copy of the waiver agreement he signed and an uncertified excerpt of his deposition testimony in support of his opposition to the motion for summary judgment. Klein argues that there exists a genuine issue of material fact as to whether the waiver agreement bars him from CT Page 16661-i recovering against the Sports Arena.
DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556. "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The granting of summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 752.
The Sports Arena argues that because there are no disputed material facts, it is entitled to judgment as a matter of law because Klein's negligence claim is barred by the express terms of the waiver agreement. The Sports Arena further argues that Klein contractually assumed all risks associated with playing deck hockey. Klein argues in opposition that the waiver agreement does not bar recovery because the language does not explicitly release the Sports Arena from liability due to its own negligence. Klein further argues that the Sports Arena was negligent in failing to properly supervise the game, and that this led to his assault and injury. Klein also contends that by signing the waiver agreement he was not aware that he was giving up his ability to pursue claims of negligence against the Sports Arena. Klein admits that he signed the waiver agreement, but argues that there is a genuine issue of material fact as to whether the waiver agreement absolves the Sports Arena of liability for its own negligence. CT Page 16661-j
"The [Connecticut] Supreme Court has not yet decided whether waivers of negligence claims by adult participants in sporting events are enforceable." (Internal quotation marks omitted.) Smith v. ConnecticutRacquetball Club, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 97 342983 (June 3, 2002, Rush, J.) (32 Conn.L.Rptr. 283). Generally, "the law does not favor contract provisions which relieve a person from his own negligence." Griffin v. NationwideMoving Storage Co., 187 Conn. 405, 413, 446 A.2d 799 (1982). "Because releases from future damages caused by negligence are not favored, "if possible, the contract will be construed not to confer this immunity.'" Malin v. White Water Mountain Resorts of Connecticut, Inc.,
Superior Court, judicial district of New Haven, Docket No. CV 01 432774 (March 16, 2001, Blue, J.), quoting 8 S. Williston, Contracts (4th Ed. 1998) § 19:24, pp. 301-03. Preprinted form contracts containing release provisions have been held to be "against public policy when entered into by professional service providers in the course of dealing with the general public. . . . Such provisions have been upheld, however, under appropriate conditions, such as the assent of both parties." (Citation omitted.) Mattegat v. Klopfenstein, 50 Conn. App. 97,103-104, 717 A.2d 276, cert. denied. 247 Conn. 922, 722 A.2d 810 (1998).
"Courts have seemed to take two views regarding the language that must be included in a waiver agreement for the purpose of barring negligence claims against an owner of a facility or its employees. Some courts require that specific language be included alerting the patron that he or she waives any claim for injury caused by the actual of the facility operator . . . Other courts disagree with this view. They take the position that exculpatory agreements must be strictly construed but hold that the word negligence need not be used; the operator of a sports facility can be protected by an agreement in which the patron releases the operator from any claim." (Emphasis in original; internal quotation marks omitted.) Smith v. Connecticut Racquetball Club, supra,32 Conn.L.Rptr. 283.
"The majority of trial courts that have recently addressed this issue . . . take the position that specific language, i.e., the word "negligence' must be used to waive effectively claims for negligence against facility operators. . . . Trial courts have also held that a waiver must specifically alert the patron that he or she by signing the waiver is releasing the operator of the facility from injury caused by the operator's own negligence. . . . These courts [reason] that this is the better approach because [w]hat may be common sense to judges and lawyers who are used to interpreting the ambit of legal phrases is not necessarily obvious to the nonlawyer public who by signing these agreements give up valuable rights." (Citation omitted; internal CT Page 16661-k quotation marks omitted.) Id. Additionally, "[i]t imposes no great burden on sports facilities engaged in high risk activities to require that their exculpatory agreements include language that explicitly states that the patron . . . waives any claim . . . against the operator of the facility even though the injury was caused by the operator's negligence. . . . [A]ll it would involve is a call to the printers to add such a phrase. . . ." Bashura v. Strategy Plus, Inc., Superior Court, judicial district of Ansonia-Milford at Milford. Docket No. CV 95 0050871 (November 20, 1997, Corradino, J.).
"Accordingly, [w]here the waiver does explicitly absolve the defendant from liability for its own negligence, Superior Courts have held the language contained in the waiver form is sufficient to release the facility operator from liability." (Internal quotation marks omitted.)Smith v. Connecticut Racquetball Club, supra, 32 Conn.L.Rptr. 284, and cases cited therein. A waiver agreement limiting a defendant's liability will not be enforced, however, if the plaintiff did not assent to the terms of the waiver. Mattegat v. Klopfenstein, supra, 50 Conn. App. 104.
In Smith v. Connecticut Racquetball Club, supra,32 Conn.L.Rptr. 284, the plaintiff brought suit against a health club for injuries she sustained when she fell off of a treadmill. The defendant, in moving for summary judgment, argued that the waiver agreement signed by the plaintiff absolved it from liability for its own negligence. Id. The court noted that the plaintiff admitted that she signed the agreement but failed to meet "her burden of producing evidence to raise an issue of material fact that she did not assent to the terms of the waiver." Id., 284. The court granted the defendant's motion for summary judgment because, as a matter of law, the terms of the waiver agreement explicitly absolved the defendant of liability for its own negligence. Id.
The waiver agreement signed by Klein provides, in relevant part: "I am assuming any and all risks, hazards and injuries . . . incidental to participation in such a physical contact sport . . . I accept any and all hazards of participation . . . and the dangers of injury including, but not limited to, injuries or damages arising from the negligence or carelessness of fellow players, referees, staff, spectators and others present on or near the property on which the facility is located." (Sports Arena's Memorandum, Exhibit B; Klein's Memorandum, Exhibit A.)
Klein admits that he signed the waiver agreement. (Sport Arena's Memorandum, Exhibit A: Klein's Response to Request for Admissions, pp. 1-3; Klein's Memorandum, Exhibit F: Klein's Deposition, pp. 41, 43.) He has not, however, submitted evidence to support that he did not assent to the terms of the agreement. Klein has therefore failed to meet his burden CT Page 16661-l of establishing a genuine issue of material fact. Because there are no genuine issues of material fact, the court must determine, as a matter of law, whether the waiver agreement absolves the Sports Arena of its own negligence.
Unlike the waiver agreement in Smith, the language in the waiver agreement signed by Klein does not explicitly limit the Sports Arena's liability for its own negligence. The agreement does, however, include language absolving other players, referees and staff of liability for their own negligence. It is therefore submitted that although there are no material facts in dispute, the Sports Arena is not entitled to judgment as a matter of law because the waiver agreement signed by Klein does not contain language explicitly absolving the Sports Arena of liability for its own negligence.
Based on the foregoing, motion for summary judgment is denied.
BY THE COURT
 _______________________ Hon. Andre M. Kocay, J.